**Courtney Angeli, OSB No. 941765**
E-mail: courtney@baaslaw.com
**Alysa M. Castro, OSB No. 163217**
E-mail: alysa@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
321 SW Fourth Avenue, Suite 600
Portland, Oregon 97204
Telephone: # 503.974.5015
Facsimile: # 971.230.0337

*Of Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CASEY SCHAEFER, <br><br> Plaintiff, <br><br> v. <br><br> ROYAL HAWAIIAN MACADAMIA NUT, INC., a corporation, <br><br> Defendant. | Civil No. 3:17-cv-769 <br><br> **COMPLAINT** <br><br> (Unpaid wages; Unpaid Overtime; Penalty Wages) <br><br> DEMAND FOR A JURY TRIAL |

### INTRODUCTION

1.  This is an action for declaratory, injunctive and monetary relief, including attorneys' fees and costs, to redress unlawful employment practices to which defendant subjected plaintiff, in violation of plaintiff's statutory, common law and contractual rights.

### JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, 28 U.S.C. § 1332, diversity jurisdiction, 28 U.S.C. §1343, 28 U.S.C. §2201, and 42

Page 1 – **COMPLAINT**

U.S.C. §1983. This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## VENUE

3. Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district.

## PARTIES

4. Plaintiff Casey Schaefer ("plaintiff" or "Schaefer") is currently a resident of Bend, Oregon. During the relevant period, plaintiff was an employee of Royal Hawaiian Macadamia Nut, Inc. ("defendant" or "Royal Hawaiian") and worked primarily from his home office in Powell Butte, Oregon.

5. Defendant Royal Hawaiian is a subsidiary of Royal Hawaiian Orchards, L.P., and is registered and incorporated in California. Defendant's principal place of business is in Hawaii.

## GENERAL ALLEGATIONS

**A. Employment Background of the Plaintiff with Defendant**

6. On February 1, 2016, defendant hired Schaefer as its Western Regional Sales Manager. In this capacity, Schaefer reported to and worked under defendant's Director of Sales.

7. Plaintiff's initial day of work was March 1, 2016.

8. In this position, plaintiff was paid an annual salary of $115,500.00 ($102,000.00 base salary plus $13,500.00 automobile bonus).

9. Schaefer was also eligible for an annual bonus based on sales, as well as commission on certain specified products.

10. Schaefer was advised by his Director of Sales that if existing Royal Hawaiian purchasers within Schaefer's region added purchases of specific products to their orders (such as nut milks and nut butters), he would be entitled to a specific commission or "bounty" on such sales. Such commission or "bounties" were to be paid in a single year-end payment.

11. Despite his excellent performance, in late November of 2016, defendant advised Schaefer that his employment would be terminated effective December 31, 2016, due to Royal Hawaiian's general financial condition.

12. Royal Hawaiian's financial condition was not due in any part to Schaefer's performance, who consistently exceeded the goals defendant set for him.

13. During the month of December 2016, Schaefer continued working and checking his work-related emails daily, but his work hours were reduced to approximately fifteen hours per week.

14. Schaefer continued to work through the end of December 2016, as he was advised that his employment would continue through the end of the calendar year.

**B. Plaintiff's Job Description and Regular Job Duties**

15. Schaefer's job description provides that the "work is typically performed in a home office setting," but "extensive travel is required."

16. Most of Schaefer's work weeks involved some travel in his geographic area, which spanned from the west coast through Texas. Nevertheless, most of his work was typically performed in his home office.

17. As Western Regional Sales Manager, Schaefer worked primarily from his home office in Bend, Oregon, but he also traveled regularly to meet with customers and brokers, to whom he promoted Royal Hawaiian's products.

18. Much of Schaefer's work involved staying in touch and communicating with the Director of Sales, the brokers, and Royal Hawaiian's pre-existing customers, in an effort to promote the brokers' sales.

19. Schaefer had very little responsibility for making any direct sales.

20. Only approximately ten percent of Schaefer's time was spent engaging in sales activities; he mostly would assist with and promote the brokers' sales (this was described in his

job description as "promoting a broker network"). When Schaefer did make sales, he did so primarily from his home office.

21. Schaefer did not generally negotiate the terms or conditions of the sale of defendant's products, as these sales activities were generally handled by the sales brokers.

22. One of Schaefer's primary duties was to support brokers in their sales presentations, to visit current purchasers of defendant's products in the assigned geographical areas to assist with presenting information about and samples of said products, and supporting brokers in their sales presentations. In this capacity, he would provide input regarding displays and other promotional activities in an effort to stimulate sales by the products' retailers.

23. Schaefer did not have control over marketing strategies, played no role in the company's general management, had no duties in setting its direction or implementing policies, and did not work in a job that required an advanced degree or other professional certification.

24. Schaefer was not charged with supervising any other employees of defendant, nor did he have hiring or firing authority with respect to other employees.

**C.** **Plaintiff was not Properly Categorized as Exempt**

25. Defendant erroneously categorized Schaefer as exempt from federal and state wage and overtime laws.

26. Defendant did not track and maintain a record of actual hours of work performed by Schaefer.

27. Defendant did not provide Schaefer with any overtime pay.

28. Schaefer worked in excess of forty hours per week for thirty-eight separate workweeks without proper compensation.

29. The number of overtime hours Schaefer worked varied from week to week, depending on his workload and travel arrangements.

30. Schaefer's overtime hours were reduced after defendant issued a travel moratorium in September 2016, and fell to zero when he further reduced his work hours after the company notified him of his termination.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Wages Due at Termination**
**ORS 652.140 and 652.150**

31. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 30.

32. Defendant gave plaintiff notice of his termination in late November 2016 and advised him that his employment terminated effective December 31, 2016.

33. Plaintiff worked until December 30, 2016, in reliance on defendant's express indication that his employment would continue through the end of the year.

34. On December 30, 2106, defendant delivered a paycheck to plaintiff.

35. The paycheck delivered to the plaintiff by defendant on December 30, 2016 failed to provide plaintiff with the full compensation for his work from December 25, 2016 through December 31, 2016, with the sole exception of a one day payment for December 30, 2016, and also failed to include his specific commission (or "bounty") and annual bonus commission.

36. Defendant did not provide compensation for defendant's straight-time wages or specific commission or "bounty" until March 6, 2016. Defendant has yet to pay plaintiff's earned annual bonus commission of $8,211.00.

37. When an employer discharges an employee, Oregon law 652.140(1) requires the employer to pay all final wages by the end of the next business day.

38. Defendant violated ORS 652.140(1) by failing to pay plaintiff the full amount of the straight-time wages and specific commission or "bounty" due and owing to him by the end of

the business day following his termination. Defendant has also failed to pay plaintiff his annual bonus commission in the amount of $8,211.00.

39. As a result of defendant's willful failure to timely pay plaintiff all compensation due as required by ORS 652.140(1) on the date that it was due, plaintiff is entitled to penalty wages arising out of the final pay violation under ORS 652.150.

40. Pursuant to ORS 652.150(1) and OAR 839-001-0470, this penalty is equivalent to eight hours of wages per day, calculated at a regular hourly rate of the employee's pay for up to thirty consecutive calendar days from the date such payment became due.

41. When an employee's earnings include commissions, bonuses and other forms of pay based on other than the hours worked, the wages are reduced to an hourly rate for purposes of the ORS 652.150 penalty wages computation, by dividing the total earnings for the last 30 days of employment by the hours worked in those last 30 days. OAR 839-001-0470(1)(e).

42. Pursuant to OAR 839-001-0470(1)(e), plaintiff's earnings for the last thirty days of employment included not only his monthly base wages of $9,625.00 ($115,500.00 divided by 12), but also the earned commissions, bounties and annual bonus in the sum of $9,611.00 that were due and payable at the end of the year, in the total sum of $19,236.00.

43. Plaintiff worked a total of sixty hours during December 2016 (roughly fifteen hours per week), which would make his hourly rate approximately $320.60 ($19,236.00 / 60 hours).

44. Therefore, the thirty-day final penalty due for the violation of ORS 652.140(1) for failure to timely provide a final paycheck is $76,944.00 ($320.60 x 8 x 30).

45. Plaintiff is entitled to prejudgment interest on the amount of the unpaid wages and penalty wages from the date the wages became due and owing.

46. Plaintiff has hired legal counsel to prosecute his claims and is entitled to reasonable attorneys' fees and costs incurred pursuant to ORS 652.200 and ORS 653.055.

**SECOND CLAIM FOR RELIEF**
**ORS 653.055 & ORS 653.261**
**Unpaid Overtime and Penalty Wages**

47. Plaintiffs incorporate by reference the allegations of paragraph 1 through 46.

48. Defendant failed to pay plaintiff all compensation due and owing to him during his employment by refusing to pay overtime for hours worked in excess of forty per workweek in violation of ORS 653.261, ORS 653.055, and OAR 839-020-0030.

49. Plaintiff's work did not meet the tests to qualify as exempt in any of the "white collar" categories under Oregon law.

   a. Plaintiff was not charged with supervising other employees as a primary duty, nor did he have hiring or firing authority and, as such, he was not exempt as a supervisory/executive employee. ORS 653.020(3)(a).

   b. Plaintiff did not perform administrative exempt work as a primary duty, but instead carried out the day-to-day business of defendant and did not engage with broader issues of the company's management, course, policies or procedures. ORS 653.020(3)(b).

   c. Plaintiff did not work in one of the recognized "learned" professions, as his position did not require an advanced degree. He was thus not exempt as a professional employee. ORS 653.020(3)(c).

50. Plaintiff does not qualify as exempt as an outside salesperson under Oregon law because he does not meet Oregon's test requiring that he spend at least seventy percent of his time away from defendant's place of business making sales, obtaining orders or obtaining contracts for services. ORS 653.010(7).

51. Similarly, under Oregon law, plaintiff does not qualify as exempt under the "retail sales" exemption because he was not employed in a "retail establishment," because his sales

Page 7 – **COMPLAINT**

were not retail in nature, and because commissions did not comprise more than fifty percent of his gross earnings in the representative period. OAR 839-020-0125.

52. Plaintiff was non-exempt from the minimum wage and overtime provisions of the Oregon wage laws and was thus entitled to overtime pay for all hours worked over forty in each seven-day workweek. ORS 653.025; ORS 653.261; ORS 653.020(3)(c); OAR 839-020-0030.

53. Plaintiff worked overtime in thirty-eight separate workweeks without proper compensation. Plaintiff conservatively estimates that he worked at least 293.75 total overtime hours during these thirty-eight weeks combined.

54. Given plaintiff's base annual salary earnings of $115,500.00, his regular hourly rate for overtime calculation purposes would be approximately $55.53.

55. Pursuant to ORS 653.055, plaintiff is entitled to time and one-half his regular hourly rate, or $83.29, for each overtime hour worked.

56. The overtime due to plaintiff is at least $24,466.44.

57. When an employer discharges an employee, Oregon law requires employers to pay all wages earned and unpaid by the end of the first business day after the discharge or termination. ORS 652.140(1).

58. Defendant violated ORS 652.140(1) by failing to provide plaintiff with a final paycheck including all earned and unpaid overtime wages due to him by December 31, 2016.

59. Defendant's willful failure to timely pay plaintiff all overtime compensation constitutes a separate and discrete violation under ORS 653.055, which entitles plaintiff to additional civil penalties as set forth in ORS 652.150.

60. Pursuant to ORS 652.150(1), this penalty is equivalent to eight hours per day, calculated at a regular hourly rate of pay for up to thirty consecutive calendar days from the date payment became due.

61. When an employee's earnings include commissions, bonuses and other forms of pay based on other than the hours worked, the wages are reduced to an hourly rate for purposes

of the ORS 652.150 penalty wages computation, by dividing the total earnings for the last 30 days of employment by the hours worked in those last 30 days. OAR 839-001-0470(1)(e).

62. Plaintiff's earnings for the last thirty days of employment included not only his monthly base wages of $9,625.00 ($115,500.00 divided by 12), but also the earned commissions, bounties and annual bonus in the sum of $9611.00 that were due and payable at the end of the year, in the total sum of $19,236.00. Plaintiff worked a total of sixty hours during December 2016 (roughly fifteen hours per week), which would make his hourly rate $320.60.

63. Defendant thus owes plaintiff a penalty due for the violation of ORS 652.140(1) for failure to timely provide a final paycheck in the amount of $76,944.00 (320.60 x 8 x 30).

64. Plaintiff is entitled to prejudgment interest on the amount of the unpaid wages and penalty wages from the date the wages became due and owing.

65. Plaintiff has hired legal counsel to prosecute his claims and is entitled to reasonable attorneys' fees and costs incurred pursuant to ORS 652.200 and ORS 653.055.

## THIRD CLAIM FOR RELIEF
## 29 U.S.C. § 207
## Unpaid Overtime and Penalty Wages

66. Plaintiff incorporates by reference the allegations of paragraphs 1 through 65.

67. Plaintiff is entitled to the rights, protections and benefits under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

68. Defendant was plaintiff's employer pursuant to 29 U.S.C. § 203.

69. Defendant failed to pay plaintiff all compensation due to him during his employment by refusing to pay any compensation for hours worked in excess of forty in a workweek in violation of 29 U.S.C. § 209; 29 C.F.R. § 778.107.

70. Plaintiff's work did not qualify as exempt in any of the "white collar" categories under federal law, nor did he qualify as exempt under the retail or outside sales criteria. 29 C.F.R. § 100 *et seq.*

Page 9 – **COMPLAINT**

71. Plaintiff was non-exempt from the minimum wage and overtime provisions of the FLSA and was entitled to overtime pay for all hours worked over forty in each seven-day work week. 29 U.S.C. § 207; 29 C.F.R. § 601(a).

72. Plaintiff conservatively estimates that he worked at least 293.75 total overtime hours during his employment with defendant.

73. Given plaintiff's base annual salary earnings of $115,500.00, his regular hourly rate for overtime calculation purposes would be $55.53.

74. Plaintiff is thus entitled to time and one-half his regular hourly rate, or $83.29, for each overtime hour worked. 29 U.S.C. 207.

75. The overtime due to plaintiff is therefore at least $24,466.44.

76. Defendants have not acted in good faith or with reasonable grounds to believe that their actions were not a violation of the FLSA. Therefore, plaintiff is entitled to a liquidated damages penalty in the amount equal to his unpaid wages under 29 U.S.C. § 216(b), which is $24,466.44.

77. Plaintiff is entitled to prejudgment interest from the date plaintiff's wages became due and owing.

78. Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorney's fees and costs incurred pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1. On Plaintiff's First Claim for Relief:

    a. An award of plaintiff's unpaid annual bonus commission in the sum of $8,211.00.

    b. An award of penalty damages for failure to pay all wages due and owing at the time of termination equal to thirty days' wages in the sum of approximately $76,944.00.

    c. An award of prejudgment interest on the amount of the penalty wages

from the date the wages became due and owing; and

    d.    Plaintiff's attorney's fees, expert fees and costs incurred herein.

2.    On Plaintiff's Second Claim for Relief:

    a.    An award of unpaid overtime wages in an amount to be determined at trial but approximately $24,466.44.

    b.    A separate award of penalty wages for failure to pay overtime wages equal to thirty days' wages in the sum of approximately $76,944.00.

    c.    An award of prejudgment interest on the amount of the overtime wages from the date the wages became due and owing; and

    d.    Plaintiff's attorney's fees, expert fees and costs incurred herein.

3.    On Plaintiff's Third Claim for Relief:

    a.    An award of unpaid overtime wages in an amount to be determined at trial but approximately $24,466.44.

    b.    An award of liquidated damages equal to the amount of unpaid overtime wages, $24,466.44.

    c.    An award of prejudgment interest on the amount of the overtime wages from the date the wages became due and owing; and

    d.    Plaintiff's attorney's fees, expert fees and costs incurred herein.

DATED this 16th day of May, 2017    BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

s/ Courtney Angeli
Courtney Angeli, OSB No. 941765
E-mail: courtney@baaslaw.com
Alysa Castro, OSB No. 163217
E-mail: alysa@baaslaw.com
321 SW Fourth Avenue, Suite 600
Portland, OR 97204
Telephone: # 503.974.5015

*Of Attorneys for plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **COMPLAINT** on the following named person(s) on the date indicated below by:

- ☐ Mailing with postage prepaid
- ☒ CM/ECF
- ☐ Hand-delivery
- ☐ Overnight delivery
- ☐ Email

to said person(s) a true copy thereof, addressed to his or her last-known address as indicated below.

    R. Brian Dixon
    Littler Mendelson, PC
    333 Bush St., 34th Floor
    San Francisco, CA 94104
    bdixon@littler.com

    *Of Attorneys for defendant*

DATED this 16th day of May 16, 2017.

BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP

s/ Courtney Angeli
_____
Courtney Angeli, OSB No. 941765
Alysa Castro, OSB No. 163217
Telephone: (503) 974-5015

*Of Attorneys for plaintiff*